UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN ROHN GILL,<br><br>　　　　　　Petitioner,<br>　　v.<br>ISIDRO BACA, et al.,<br><br>　　　　　　Respondents. | Case No. 3:14-cv-00628-MMD-WGC<br><br>ORDER |

Six motions are before the court: (1) respondent's motion to dismiss (ECF No. 21); (2) respondents' motion for leave to file exhibit under seal (ECF No. 28); (3) petitioner's counsel's request to withdraw as counsel (ECF No. 34); (4) petitioner's motion to amend petition (ECF No. 35), filed *pro se*; (5) petitioner's motion for enlargement of time to oppose respondents' motion to dismiss (ECF No. 36), filed *pro se*; and (6) petitioner's motion for reassignment of counsel (ECF No. 37).

The request to withdraw as counsel (ECF No. 34) is the third attempt to remove petitioner's counsel. Petitioner filed his first two requests *pro se* (ECF Nos. 13, 20), and the Court rejected those requests because petitioner needed to make his requests through counsel. Counsel has stated that petitioner has made an unequivocal decision to terminate the relationship. The Court will remove counsel from his representation of petitioner.

In his motion for reassignment of counsel (ECF No. 37), petitioner asks the Court to re-appoint the Federal Public Defender, because he believes that there is no conflict of interest between he and his co-defendant, whom the Federal Public Defender

represents before this Court in a habeas corpus proceeding arising out of the same state-court criminal case. The Federal Public Defender has stated that a conflict of interest exists (ECF No. 7), and the Court sees no reason to doubt that statement.

The Court will not grant petitioner's motion for reassignment of counsel (ECF No. 37). Petitioner complains that counsel filed an amended petition containing only six grounds for relief instead of the twenty-seven grounds that he wants presented. Petitioner does not have a constitutional right to appointed counsel in federal habeas corpus proceedings. Instead, the Court appointed counsel because, based upon its initial review of petitioner's original petition (ECF No. 5), the interests of justice would have been served by an attorney using his professional judgment to determine the best possible claims for post-conviction relief. The Court did not appoint counsel to act as a mere scrivener, presenting claims that, in counsel's professional judgment, had no arguable merit. Additionally, this is not a problem unique to current appointed counsel. As respondents correctly note, this is the latest in a long line of petitioner's attempts to replace counsel because he did not agree with counsel's judgment. Everything indicates that this pattern will continue if the Court grants petitioner's request. The Court will not prolong this action simply because counsel does not follow petitioner's instructions in areas that are left to counsel's professional judgment. The interests of justice no longer are in favor of petitioner's representation by counsel.

Petitioner's motion to amend petition (ECF No. 35) seeks effectively to reinstate the original petition. In their opposition (ECF No. 38), respondents counter that many of the grounds in the proposed second amended petition are not exhausted, and they state that they do not waive any procedural defenses, such as exhaustion, procedural default, and timeliness. Petitioner has not responded, and, given that counsel technically still represents petitioner, the Court is uncertain whether petitioner was aware that he needed to respond. The Court will grant petitioner's motion to amend petition (ECF No. 35). The Court also will dismiss some grounds that are plainly without merit, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts. Respondents may renew their arguments in a motion to dismiss, and petitioner then will have the opportunity to respond.

Ground 6 of the second amended petition is a claim that the trial court abused its discretion and improperly allowed the prosecution to impeach petitioner on cross-examination with prior convictions. This ground alleges a violation of state evidence law, and a violation of state evidence law is not addressable in federal habeas corpus. *Pulley v. Harris*, 465 U.S. 37, 41 (1984). The Court dismisses ground 6.

Grounds 8 and 13 are claims that the state district court abused its discretion in adjudicating petitioner as a habitual criminal under Nev. Rev. Stat. § 207.010, because all but one of petitioner's prior convictions were for non-violent offenses, and because many of the convictions were old. This claim does not even allege a violation of state law. "[Nev. Rev. Stat. § 207.010] makes no special allowance for non-violent crimes or for the remoteness of convictions; instead, these are considerations within the discretion of the district court." *Arajakis v. State*, 843 P.2d 800, 805 (Nev. 1992). The Court dismisses grounds 8, and 13.

Respondents' motion to dismiss (ECF No. 21) and petitioner's motion for enlargement of time to oppose respondents' motion to dismiss (ECF No. 36) are moot because the Court is giving petitioner leave to file his second amended petition.

Respondents' motion for leave to file exhibit under seal (ECF No. 28) refers to petitioner's pre-sentence investigation report. The Court agrees that this document contains confidential information, and the Court grants the motion.

It is therefore ordered that the request to withdraw as counsel (ECF No. 34) is granted. Brian W. Hagen is removed from representation of petitioner.

It is further ordered that petitioner's motion for reassignment of counsel (ECF No. 37) is denied. Petitioner will represent himself in all further proceedings.

It is further ordered that petitioner's motion to amend petition (ECF No. 35) is granted. The Clerk of the Court will file the second amended petition, which currently is attached as an exhibit to the motion to amend petition (ECF No. 35).

It is further ordered that grounds 6, 8, and 13 of the second amended petition are dismissed from this action.

It is further ordered that respondents' motion to dismiss (ECF No. 21) is denied as moot.

It is further ordered that petitioner's motion for enlargement of time to oppose respondents' motion to dismiss (ECF No. 36) is denied as moot.

It is further ordered that respondents' motion for leave to file exhibit under seal (ECF No. 28) is granted.

It is further ordered that respondents will have forty-five (45) days from the date of entry of this order to answer or otherwise respond to the second amended petition. Respondents must raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. Successive motions to dismiss will not be entertained. If respondents file and serve an answer, then they must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner will have forty-five (45) days from the date on which the answer is served to file a reply. If respondents file a motion, then the briefing schedule of Local Rule LR 7-2 will apply.

DATED THIS 28th day of September 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE