# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

KEVIN ROHN GILL,

Petitioner,

v.

ISIDRO BACA, et al.,

Respondents.

Case No. 3:14-cv-00628-MMD-WGC

ORDER

## I. SUMMARY

This Order addresses three motions pending before the Court: petitioner's motion to stay (ECF No. 49); petitioner's motion for reconsideration (ECF No. 53); and respondents' motion to dismiss (ECF No. 51). For the reasons discussed below, petitioner's motion to stay and motion for reconsideration (ECF Nos. 49, 53) are denied and respondents' motion to dismiss (ECF No. 51) is granted.

## II. MOTION TO STAY

Petitioner has filed a motion to stay (ECF No. 49), and respondents have filed an opposition (ECF No. 50). Petitioner asks for a stay while he is in surgery for his hip and then while he is in recovery. The Court agrees with respondents. Petitioner has not alleged when the surgery will occur. The Court has no way to know whether a stay now is necessary, nor how long it should stay this action if a stay is necessary.

## III. MOTION FOR RECONSIDERATION

Petitioner's motion for reconsideration for reappointment of counsel (ECF No. 53) offers no valid reason for the Court to change its decision not to appoint new counsel

when it allowed former counsel to withdraw (ECF No. 44). Petitioner wants counsel to proceed with the grounds that he thinks are important, not the grounds that counsel, with professional judgment, thinks are important. The Court already has dismissed three grounds from the proper-person second amended petition because they clearly lacked merit. In respondents' motion to dismiss, discussed below, they argue, and the Court agrees, that multiple grounds in the second amended petition are redundant to other grounds. The Court appointed counsel because the allegations indicated that the professional judgment of counsel could help in presenting petitioner's strongest claims. Instead, petitioner bickered with counsel because counsel pruned out meritless and redundant claims in the first amended petition. As the Court noted earlier, this is not the first time that petitioner has fought with his own counsel, and everything indicates that the pattern would continue if the Court were to appoint new counsel. The Court denies this motion.

### IV. MOTION TO DISMISS

#### A. Exhaustion

In their motion to dismiss, respondents first argue that petitioner has not exhausted his state-court remedies for all of his grounds for relief. (ECF No. 51.)

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *amended*, 247 F.3d 904 (9th Cir. 2001). Citation

to state case law that applies federal constitutional principles will also suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

### B.  State Proceedings

After a jury trial in state district court, petitioner was convicted of robbery with the use of a firearm. The state district court determined that petitioner was a habitual criminal and sentenced him to life imprisonment without the possibility of parole. (Exh. 47 (ECF No. 23-21).) Petitioner appealed. He filed an opening brief and a reply brief. (Exh. 75 (ECF No. 24-24), Exh. 77 (ECF No. 25).) The Nevada Supreme Court affirmed. (Exh. 81 (ECF No. 25-5).) The Nevada Supreme Court then denied rehearing but clarified its decision. (Exh. 84 (ECF No. 25-8).)

Petitioner then filed a post-conviction habeas corpus petition in the state district court. (Exh. 93 (ECF No. 25-17).) The state district court appointed counsel, who filed a supplemental petition. (Exh. 109 (ECF No. 26-8).) The state district court denied the petition. (Exh. 122 (ECF No. 26-21).) Petitioner appealed. He filed an opening brief. (Exh. 133 (ECF No. 27-7).) The Nevada Supreme Court affirmed. (Exh. 139 (ECF No. 27-13).)

### C.  Discussion

Ground 10 contains two claims. First, petitioner argues that his constitutional rights were violated when the prosecution did not inform him of an arrangement between the prosecution and a witness to secure the witness's testimony. Petitioner did raise this claim on direct appeal, and it is exhausted. (Exh. 75 at 18 (ECF No. 24-24 at 22).) Second, petitioner argues that the prosecution called this witness to testify even though the prosecution knew that the witness's testimony might have been false. Petitioner did not present this claim to the Nevada Supreme court in any proceeding. This part of ground 10 is not exhausted.

Ground 12 contains thirteen claims of ineffective assistance of counsel. Respondents argue that three of those claims are not exhausted. They are:

    G.    Counsel failed to object to the legality of the search of the vehicle at another location.
    J.    Counsel failed to move to suppress petitioner's purported statement.
    K.    Counsel failed to correct factual errors in the presentence investigation report at sentencing.

(ECF No. 45 at 27.) Respondents are correct that petitioner did not present these claims either on direct appeal or on appeal from the denial of the post-conviction habeas corpus petition. (*See* Exh. 75 (ECF No. 24-24), Exh. 133 (ECF No. 27-7).)

Next, respondents note correctly that grounds 15 through 27 of the second amended petition are exact copies of grounds 1 through 13 of the state supplemental post-conviction habeas corpus petition; petitioner used a photocopy of that supplemental petition and re-numbered the grounds. (*Compare* ECF No. 44 at 40-61 with Exh. 109 at 10-31 (ECF No. 26-8 at 11-32).) Respondents also note correctly that on appeal from the denial of the post-conviction petition, petitioner argued that the state district court erred in denying relief only on grounds 1, 4, 5, 6, 7, and 11 of the supplemental state petition. (*See* Exh. 133 at 3-10 (ECF No. 27-7 at 8-15).) Petitioner did not appeal the denial of grounds 2, 3, 8, 9, 10, 12, and 13 of his supplemental state petition. The corresponding grounds in the federal second amended petition are 16, 17, 22, 23, 24, 26, and 27. Petitioner has not exhausted his state-court remedies for those grounds.

Accordingly, the second amended petition (ECF No. 45) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983). Unexhausted are grounds 12(G), 12(J), 12(K), 16, 17, 22, 23, 24, 26, and 27, and the part of ground 10 that alleges that the prosecutor knew that a witness's testimony might be false. Petitioner may voluntarily dismiss the unexhausted grounds and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust the unexhausted grounds, or he may move to stay this action while he returns to state court

4

1    to exhaust the unexhausted grounds. If petitioner chooses the second option, the Court
2    makes no assurances about any possible state-law procedural bars or the timeliness of
3    a subsequently filed federal habeas corpus petition. If petitioner moves to stay this action,
4    then he must show that he has "good cause for his failure to exhaust, his unexhausted
5    claims are potentially meritorious, and there is no indication that the petitioner engaged
6    in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Also,
7    if petitioner moves to stay this action, then he will need to designate an alternative choice
8    in case the Court declines to stay the action. Otherwise, the Court will dismiss the action
9    if it denies the motion to stay the action.

Respondents also argue that some grounds are redundant. The Court agrees for the reasons stated in the motion to dismiss. The Court will dismiss grounds 9, 12(A), 12(B), 12(C), 12(D), 12(E), 12(F), 12(H), 12(I), 12(L), 12(M), and 14, and the exhausted part of ground 10 that is identical to ground 7.

**V.    CONCLUSION**

It is therefore ordered that respondents' motion to dismiss (ECF No. 51) is granted. In the second amended petition (ECF No. 45), grounds 12(G), 12(J), 12(K), 16, 17, 22, 23, 24, 26, and 27, and the part of ground 10 that alleges that the prosecutor knew that a witness's testimony might be false are unexhausted.

It is further ordered that grounds 9, 12(A), 12(B), 12(C), 12(D), 12(E), 12(F), 12(H), 12(I), 12(L), 12(M), and 14, and the exhausted part of ground 10 that is identical to ground 7 are dismissed because they are redundant.

It is further ordered that petitioner will have thirty (30) days from the date of entry of this order to do one of the following: (1) inform this Court in a sworn declaration that he wishes to dismiss the unexhausted grounds of his second amended petition (ECF No. 45) and proceed only on the remaining grounds for relief, (2) inform this Court in a sworn declaration that he wishes to dismiss this action to return to state court to exhaust his state remedies with respect to the claims set out in the unexhausted grounds of his second amended petition, or (3) move to stay this action while he returns to state court to

exhaust his state remedies with respect to the claims set out in the unexhausted grounds of his second amended petition. If petitioner moves to stay this action, then he will need to designate an alternative choice in case the Court declines to stay the action. Failure to comply will result in the dismissal of this action.

It is further ordered that if petitioner elects to dismiss the unexhausted grounds of his second amended petition (ECF No. 45) and proceed on the remaining grounds, respondents must file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, within forty-five (45) days after petitioner serves his declaration dismissing those grounds. Petitioner will have forty-five (45) days from the date on which the answer is served to file and serve a reply.

DATED THIS 25th day of September 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE