# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| KEVIN ROHN GILL,<br><br>Petitioner,<br>v.<br><br>ISIDRO BACA, et al.,<br><br>Respondents. | Case No. 3:14-cv-00628-MMD-WGC<br><br>ORDER |

The Court found that petitioner had not exhausted his state-court remedies for some of his grounds for relief. Petitioner filed a motion to stay (ECF No. 58). His only argument in support of his motion is that he was unaware that not all of his grounds had been presented to the state courts, and that state post-conviction counsel told him that the case had run its course and that there was nothing else for counsel to do.

The Court agrees with respondents' arguments in their opposition (ECF No. 60). "[U]nspecific, unsupported excuses for failing to exhaust—such as unjustified ignorance—[do] not satisfy the good cause requirement." *Blake v. Baker*, 745 F.3d 977, 981 (9th Cir. 2014) (citing *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008)). Petitioner gives no explanation how post-conviction counsel had misled him into believing, incorrectly, that all his grounds for relief had been presented to the state courts.

The Court also agrees with respondents that petitioner has not satisfied the other two factors for a stay: Potential merit and not being dilatory. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner has made no argument on either of these two factors, and the Court will not consider them.

| | The Court directed petitioner to designate an alternate action in case the Court declined to stay the action. Petitioner did not designate an alternate action in the motion to stay. However, petitioner subsequently has filed a motion to dismiss (ECF No. 63). He states that he wants to exhaust his grounds in the state district court. Petitioner asks that the dismissal be without prejudice. Technically, such a dismissal would be without prejudice. However, the Court makes no promises that any habeas corpus petition filed in this Court after petitioner exhausts his state-court remedies would be timely. As always, petitioner remains solely responsible for filing a petition within the one-year limit of 28 U.S.C. § 2244(d)(1).

Reasonable jurists would not find the Court's determinations to be debatable or wrong, and the Court will not issue a certificate of appealability.

It is therefore ordered that petitioner's motion to stay (ECF No. 58) is denied.

It is further ordered that petitioner's motion to dismiss (ECF No. 63) is granted. This action is dismissed voluntarily without prejudice. The Clerk of the Court will enter judgment accordingly and close this action.

It is further ordered that a certificate of appealability will not issue.

DATED THIS 7th day of March 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE